1 | RONALD J. TENPAS
Assistant Attorney General
2 | Environment and Natural Resources Division
U.S. Department of Justice
3
ELLEN MAHAN
4 | Deputy Chief
Environmental Enforcement Section
5 | ANN C. HURLEY, DC Bar No. 375676
Trial Attorney
6 | Environmental Enforcement Section
U.S. Department of Justice
7 | 301 Howard Street, Suite 1050
San Francisco, CA 94105
8 | Tel: (415) 744-6480
Fax: (415) 744-6476
9 | E-mail: ann.hurley@usdoj.gov

**FILED**

JUN 1 9 2008

CLERK, U.S. DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA
BY
DEPUTY CLERK

10

11

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF CALIFORNIA

12

13 UNITED STATES OF AMERICA, )
)
14          Plaintiff, )      Case No. 1:94-CV-5984 AWI SMS
)
15      v. )
)
16 VALLEY WOOD PRESERVING, INC., )      THIRD PARTIAL CONSENT DECREE
et al., )
17 )
        Defendants. )
18 )

19

## I. BACKGROUND

20      A.      In 1994, the United States filed a complaint in this Court against Valley Wood

21 Preserving, Inc. and Joyce Logsdon (collectively, "Settling Defendants") and other individuals

22 and entities not named in this Third Partial Consent Decree ("Consent Decree") pursuant to

23 Section 107 of the Comprehensive Environmental Response, Compensation, and Liability Act of

24 1980, 42 U.S.C. § 9607, as amended ("CERCLA"), seeking reimbursement of response costs

25 incurred or to be incurred for response actions taken at or in connection with the release or

26 threatened release of hazardous substances at the Valley Wood Preserving, Inc. Superfund Site in

27 Turlock, Stanislaus County, California ("the Site").

28      B.      Pursuant to Section 105 of CERCLA, 42 U.S.C. § 9605, EPA placed the Site on

Third Partial Consent Decree                              Case No. 1:94-CV-5984 AWI SMS

1  the National Priorities List, set forth at 40 C.F.R. Part 300, Appendix B, by publication in the
2  Federal Register on March 31, 1989, 54 Fed. Reg. 13296.

3      C.    The decision by EPA on the remedial action to be implemented at the Site is
4  embodied in a final Record of Decision ("ROD"), executed on September 27, 1991, which was
5  modified by an Explanation of Significant Differences ("ESD") issued in December 1994. On
6  September 29, 2003, EPA issued Amendment #1 to the ROD. This was followed by Amendment
7  #2 to the ROD, which was issued on March 30, 2007.

8      D.    In accordance with this Court's Order dated February 5, 1996, Settling
9  Defendants are jointly and severally liable under CERCLA for all past and future costs not
10  inconsistent with the National Contingency Plan ("NCP") incurred by the United States at the
11  Site.

12      E.    This Consent Decree resolves disputes with respect to the payment of past costs
13  that have arisen between the United States and Settling Defendants subsequent to entry by this
14  Court of the Partial Consent Decree on March 25, 1997, and entry by this Court of the Second
15  Partial Consent Decree on August 26, 1998.

16      F.    The United States and Settling Defendants agree, and this Court by entering this
17  Consent Decree finds, that this Consent Decree has been negotiated by the Parties in good faith,
18  that settlement of this matter will avoid prolonged and complicated litigation between the Parties,
19  and that this Consent Decree is fair, reasonable, and in the public interest.

20

21      THEREFORE, with the consent of the Parties to this Decree, it is ORDERED,
22  ADJUDGED, AND DECREED:

23  **II. JURISDICTION**

24      1.    This Court has jurisdiction over the subject matter of this action pursuant to 28
25  U.S.C. §§ 1331 and 1345 and 42 U.S.C. §§ 9607 and 9613(b) and also has personal jurisdiction
26  over Settling Defendants. Solely for the purposes of this Consent Decree and the underlying
27  complaint, Settling Defendants waive all objections and defenses that they may have to
28  jurisdiction of the Court or to venue in this District. Settling Defendants shall not challenge the

1  terms of this Consent Decree or this Court's jurisdiction to enter and enforce this Consent Decree.

2  ### III. PARTIES BOUND

3      2.     This Consent Decree is binding upon the United States, and upon

4  Settling Defendants and their heirs, successors and assigns. Any change in ownership or

5  corporate or other legal status, including, but not limited to, any transfer of assets or real or

6  personal property, shall in no way alter the status or responsibilities of Settling Defendants under

7  this Consent Decree.

8  ### IV. DEFINITIONS

9      3.     Unless otherwise expressly provided herein, terms used in this Consent Decree

10  that are defined in CERCLA or in regulations promulgated under CERCLA shall have the

11  meanings assigned to them in CERCLA or in such regulations. Whenever terms listed below are

12  used in this Consent Decree, the following definitions shall apply:

13          "CERCLA" shall mean the Comprehensive Environmental Response,

14  Compensation, and Liability Act of 1980, as amended, 42 U.S.C. §§ 9601, *et seq.*

15          "Consent Decree" or "Decree" shall mean this Third Partial Consent Decree.

16          "Day" shall mean a calendar day. In computing any period of time under this

17  Consent Decree, where the last day would fall on a Saturday, Sunday, or federal holiday, the

18  period shall run until the close of business of the next working day.

19          "DOJ" shall mean the United States Department of Justice and any successor

20  departments, agencies or instrumentalities of the United States.

21          "EPA" shall mean the United States Environmental Protection Agency and any

22  successor departments, agencies or instrumentalities of the United States.

23          "EPA Hazardous Substance Superfund" shall mean the Hazardous Substance

24  Superfund established by the Internal Revenue Code, 26 U.S.C. § 9507.

25          "Interest" shall mean interest at the rate specified for interest on investments of

26  the EPA Hazardous Substance Superfund established by 26 U.S.C. § 9507, compounded

27  annually on October 1 of each year, in accordance with 42 U.S.C. § 9607(a). The applicable rate

28  of interest shall be the rate in effect at the time the interest accrues. The rate of interest is subject

1  to change on October 1 of each year.

2          "Owner Settling Defendant" shall mean Valley Wood Preserving, Inc.

3          "Paragraph" shall mean a portion of this Consent Decree identified by an Arabic

4  numeral or an upper or lower case letter.

5          "Parties" shall mean the United States and Settling Defendants.

6          "Past Response Costs" shall mean all costs, including, but not limited to, direct

7  and indirect costs, that the United States paid at or in connection with the Site through September

8  30, 2007, plus Interest on all such costs which has accrued pursuant to 42 U.S.C. § 9607(a)

9  through the date of payment.

10         "Plaintiff" shall mean the United States.

11         "Section" shall mean a portion of this Consent Decree identified by a Roman

12 numeral.

13         "Settling Defendants" shall mean Valley Wood Preserving, Inc. and Joyce

14 Logsdon.

15         "Site" shall mean the Valley Wood Preserving Superfund Site, occupying an area

16 of approximately 14.4 acres and located at 2237 South Golden State Boulevard in an

17 unincorporated area of Stanislaus County, California, about 1.5 miles southeast of the City of

18 Turlock's boundaries.

19         "United States" shall mean the United States of America, including its

20 departments, agencies and instrumentalities.

21                       **V. PAYMENT OF RESPONSE COSTS**

22     4.    Payments for Past Response Costs to EPA. Within 30 days of entry of this

23 Consent Decree, Settling Defendants shall pay to EPA $20,300.00, plus an additional sum for

24 Interest on that amount calculated from December 15, 2006, through the date of payment.

25     5.    Payment shall be made by certified check or checks or cashier's check or checks

26 made payable to "U.S. Department of Justice," referencing the name and address of the party(ies)

27 making payment, EPA Site/Spill ID Number 09K5, DOJ Case Number 90-11-3-835/1 and Civil

28 Action Number F94-5984 REC SSH. Settling Defendants shall send the check(s) to: United

Third Partial Consent Decree        - 4 -        Case No. 1:94-CV-5984 AWI SMS

1 | States Attorney's Office, Attention: Financial Litigation Unit, 501 I Street, Suite 10-100,
2 | Sacramento, California 95814.

3 | 6. At the time of payment, Settling Defendant shall send notice that payment has
4 | been made to the United States, to EPA, and to the Regional Financial Management Officer, in
5 | accordance with Section XV (Notices and Submissions). Such notice shall reference the EPA
6 | Region, EPA Site/Spill ID Number 09K5, DOJ Case Number 90-11-3-835/1 and Civil Action
7 | Number F94-5984 REC SSH.

8 | 7. The total amount to be paid pursuant to Paragraph 4 shall be deposited in the
9 | Valley Wood Preserving Site Special Account within the EPA Hazardous Substance Superfund
10 | to be retained and used to conduct or finance response actions at or in connection with the Site,
11 | or to be transferred by EPA to the EPA Hazardous Substance Superfund. Settling Defendants
12 | may in the future receive periodic bills from the United States for reimbursement of its future
13 | oversight and response costs incurred at this Site. The United States shall deposit any such
14 | funds it receives pursuant to these bills in the Valley Wood Preserving Site Special Account to be
15 | retained and used to conduct or finance response actions at or in connection with the Site, or to
16 | be transferred by EPA to the EPA Hazardous Substance Superfund.

17 | **VI. FAILURE TO COMPLY WITH CONSENT DECREE**

18 | 8. Interest on Late Payments. If Settling Defendants fail to make any payment under
19 | Paragraph 4 (Payment of Response Costs) by the required due date, Interest shall continue to
20 | accrue on the unpaid balance through the date of payment.

21 | 9. Stipulated Penalty.

22 | a. If any amounts due under Paragraph 4 are not paid by the required date,
23 | Settling Defendants shall be in violation of this Consent Decree and shall pay to EPA, as a
24 | stipulated penalty, in addition to the Interest required by Paragraph 8, $100 per day that such
25 | payment is late.

26 | b. Stipulated penalties are due and payable within 30 days of the date of the
27 | demand for payment of the penalties by EPA. All payments to EPA under this Paragraph shall
28 | be paid by certified or cashier's check(s) made payable to "EPA Hazardous Substances

Third Partial Consent Decree - 5 - Case No. 1:94-CV-5984 AWI SMS

1  Superfund," shall be mailed to U.S. EPA, Superfund Payments, Cincinnati Finance Center, P.O.

2  Box 979076, St. Louis, MO 63197-9000, shall indicate that the payment is for stipulated

3  penalties, and shall reference the EPA Region and Site/Spill ID #09K5, the DOJ Case Number

4  90-11-3-835/1, and the name and address of the party making payment. Copies of check(s) paid

5  pursuant to this Section, and any accompanying transmittal letter(s), shall be sent to the United

6  States, EPA, and the Regional Financial Management Officer as provided in Section XV

7  (Notices and Submissions).

8          c.     Stipulated penalties shall accrue as provided in this Paragraph regardless

9  of whether EPA has notified Settling Defendants of the violation or made demand for payment,

10  but need only be paid upon demand. All penalties shall begin to accrue on the day after payment

11  is due, and shall continue to accrue through the final day of correction of the noncompliance or

12  completion of the activity. Nothing herein shall prevent the simultaneous accrual of separate

13  penalties for separate violations of this Consent Decree.

14        10.    If the United States brings an action to enforce this Consent Decree against

15  Settling Defendants, Settling Defendants shall reimburse the United States for all costs of such

16  action, including, but not limited to, costs of attorney time.

17        11.    Payments made under this Section shall be in addition to any other remedies or

18  sanctions available to Plaintiff by virtue of Settling Defendants' failure to comply with the

19  requirements of this Consent Decree.

20        12.    The obligations of Settling Defendants to pay amounts owed the United States

21  under this Consent Decree are joint and several. In the event of the failure of any Settling

22  Defendant to make the payments required under this Consent Decree, the remaining Settling

23  Defendant shall be responsible for such payments.

24        13.    Notwithstanding any other provision of this Section, the United States may, in its

25  unreviewable discretion, waive payment of any portion of the stipulated penalties that have

26  accrued pursuant to this Consent Decree. Payment of stipulated penalties shall not excuse

27  Settling Defendants from payment as required by Section V or from performance of any other

28  requirements of this Consent Decree.

Third Partial Consent Decree         - 6 -         Case No. 1:94-CV-5984 AWI SMS

1

**VII.  COVENANT NOT TO SUE BY PLAINTIFF**

2       14.    Covenant Not to Sue by United States.  Except as specifically provided in

3 Section VIII (Reservation of Rights by United States), the United States covenants not to

4 sue or to take administrative action against Settling Defendants pursuant to Section 107(a)

5 of CERCLA, 42 U.S.C. § 9607(a), to recover Past Response Costs.  This covenant not to

6 suc shall take effect upon receipt by EPA of all payments required by Section V, Paragraph

7 4 (Payment of Response Costs) and any amount due under Section VI (Failure to Comply

8 with Consent Decree).  This covenant not to sue is conditioned upon the satisfactory

9 performance by Settling Defendants of their obligations under this Consent Decree.  This

10 covenant not to sue extends only to Settling Defendants and does not extend to any other

11 person.

12

**VIII.  RESERVATIONS OF RIGHTS BY UNITED STATES**

13       15.    The United States reserves, and this Consent Decree is without prejudice to,

14 all rights against Settling Defendants with respect to all matters not expressly included

15 within the Covenant Not to Sue by Plaintiff in Paragraph 14.  Notwithstanding any other

16 provision of this Consent Decree, the United States reserves all rights against Settling

17 Defendants with respect to:

18           a.    liability for failure of Settling Defendants to meet a requirement of

19 this Consent Decree;

20           b.    liability for costs incurred or to be incurred by the United States that

21 are not within the definition of Past Response Costs;

22           c.    liability for injunctive relief or administrative order enforcement

23 under Section 106 of CERCLA, 42 U.S.C. § 9606;

24           d.    criminal liability;  and

25           e.    liability for damages for injury to, destruction of, or loss of natural

26 resources, and for the costs of any natural resource damage assessments.

27

**IX.  COVENANT NOT TO SUE BY SETTLING DEFENDANTS**

28       16.    Settling Defendants covenant not to sue and agree not to assert any claims

Third Partial Consent Decree      - 7 -      Case No. 1:94-CV-5984 AWI SMS

1 | or causes of action against the United States, or its contractors or employees, with respect

2 | to Past Response Costs or this Consent Decree, including, but not limited to:

3 |      a.    any direct or indirect claim for reimbursement from the Hazardous

4 | Substance Superfund based on Sections 106(b)(2), 107, 111, 112, or 113 of CERCLA, 42

5 | U.S.C. §§ 9606(b)(2), 9607, 9611, 9612, or 9613, or any other provision of law;

6 |      b.    any claim arising out of the response actions at the Site for which the

7 | Past Response Costs were incurred, including any claim under the United States

8 | Constitution, the Constitution of the State of California, the Tucker Act, 28 U.S.C. § 1491,

9 | the Equal Access to Justice Act, 28 U.S.C. § 2412, as amended, or at common law; or

10 |      c.    any claim against the United States pursuant to Sections 107 and 113

11 | of CERCLA, 42 U.S.C. §§ 9607 and 9613, relating to Past Response Costs.

12 |     17.    Nothing in this Consent Decree shall be deemed to constitute approval or

13 | preauthorization of a claim within the meaning of Section 111 of CERCLA, 42 U.S.C. §

14 | 9611, or 40 C.F.R. 300.700(d).

15 | **X. EFFECT OF SETTLEMENT/CONTRIBUTION PROTECTION**

16 |     18.    Nothing in this Consent Decree shall be construed to create any rights in, or

17 | grant any cause of action to, any person not a Party to this Consent Decree. The Parties

18 | expressly reserve any and all rights (including, but not limited to, any right to contribution),

19 | defenses, claims, demands, and causes of action that they may have with respect to any

20 | matter, transaction, or occurrence relating in any way to the Site against any person not a

21 | Party hereto.

22 |     19.    The Parties agree, and by entering this Consent Decree this Court finds, that

23 | Settling Defendants are entitled, as of the date of entry of this Consent Decree, to protection

24 | from contribution actions or claims as provided by Section 113(f)(2) of CERCLA, 42

25 | U.S.C. § 9613(f)(2), or other applicable law, for "matters addressed" in this Consent

26 | Decree. The "matters addressed" in this Consent Decree are Past Response Costs.

27 |     20.    Each Settling Defendant agrees that, with respect to any suit or claim for

28 | contribution brought by it/her for matters related to this Consent Decree, it/she will notify

Third Partial Consent Decree     - 8 -     Case No. 1:94-CV-5984 AWI SMS

1 | the United States in writing no later than 60 days prior to the initiation of such suit or claim.

2 | Each Settling Defendant also agrees that, with respect to any suit or claim for contribution

3 | brought against it/her for matters related to this Consent Decree, it/she will notify the

4 | United States in writing within 10 days of service of the complaint or claim upon it/her. In

5 | addition, each Settling Defendant shall notify the United States within 10 days of service or

6 | receipt of any Motion for Summary Judgment, and within 10 days of receipt of any order

7 | from a court setting a case for trial, for matters related to this Consent Decree.

8 |       21.     In any subsequent administrative or judicial proceeding initiated by the

9 | United States for injunctive relief, recovery of response costs, or other relief relating to the

10 | Site, Settling Defendants shall not assert, and may not maintain, any defense or claim based

11 | upon the principles of waiver, *res judicata*, collateral estoppel, issue preclusion, claim-

12 | splitting, or other defenses based upon any contention that the claims raised by the United

13 | States in the subsequent proceeding were or should have been brought in the instant case;

14 | provided, however, that nothing in this Paragraph affects the enforceability of the Covenant

15 | Not to Sue by Plaintiff set forth in Section VII.

16 | **XII. SITE ACCESS**

17 |       22.     If the Site, or any other property where access is needed to implement

18 | response activities at the Site, is owned or controlled by the Owner Settling Defendant,

19 | such Owner Settling Defendant shall, commencing on the date of lodging of this Consent

20 | Decree, provide the United States, and its representatives, including EPA and its

21 | contractors, with access at all reasonable times to the Site, or to such other property, for the

22 | purpose of conducting any response activity related to the Site, including, but not limited

23 | to, the following activities:

24 |         (1)     Monitoring, investigation, removal, remedial or other activities at the

25 | Site;

26 |         (2)     Verifying any data or information submitted to the United States;

27 |         (3)     Conducting investigations relating to contamination at or near the

28 | Site;

1          (4)      Obtaining samples;

2          (5)      Assessing the need for, planning, or implementing additional
3     response actions at or near the Site;

4          (6)      Inspecting and copying records, operating logs, contracts, or other
5     documents maintained or generated by Settling Defendants or their agents, consistent with
6     Section XIII (Access to Information); and

7          (7)      Assessing Settling Defendants' compliance with this Agreement.

8     23.      Notwithstanding any provision of this Consent Decree, EPA retains
9     all of its access authorities and rights, as well as all of its rights to require land/water use
10    restrictions, including enforcement authorities related thereto, under CERCLA, the
11    Resource Conservation and Recovery Act, 42 U.S.C. §§ 6901 *et seq.,* and any other
12    applicable statute or regulations.

13                      **XIII. ACCESS TO INFORMATION**

14    24.      Settling Defendants shall provide to EPA, upon request, copies of all
15    records, reports, or information (hereinafter referred to as "records") within their possession
16    or control or that of their contractors or agents relating to activities at the Site, including,
17    but not limited to, sampling, analysis, chain of custody records, manifests, trucking logs,
18    receipts, reports, sample traffic routing, correspondence, or other documents or information
19    related to the Site.

20    25.      Confidential Business Information and Privileged Documents.

21          a.      Settling Defendants may assert business confidentiality claims
22    covering part or all of the records submitted to Plaintiff under this Consent Decree to the
23    extent permitted by and in accordance with Section 104(e)(7) of CERCLA, 42 U.S.C. §
24    9604(e)(7), and 40 C.F.R. 2.203(b). Records determined to be confidential by EPA will be
25    accorded the protection specified in 40 C.F.R. Part 2, Subpart B. If no claim of
26    confidentiality accompanies records when they are submitted to EPA, or if EPA has
27    notified Settling Defendants that the records are not confidential under the standards of
28    Section 104(e)(7) of CERCLA or 40 C.F.R. Part 2 Subpart B, the public may be given

Third Partial Consent Decree          - 10 -          Case No. 1:94-CV-5984 AWI SMS

1 || access to such records without further notice to Settling Defendants.

2 ||        b.       Settling Defendants may assert that certain records are privileged
3 under the attorney-client privilege or any other privilege recognized by federal law. If
4 Settling Defendants assert such a privilege in lieu of providing records, they shall provide
5 Plaintiff with the following: 1) the title of the record; 2) the date of the record; 3) the name,
6 title, affiliation (*e.g.*, company or firm), and address of the author of the record; 4) the name
7 and title of each addressee and recipient; 5) a description of the subject of the record; and 6)
8 the privilege asserted. If a claim of privilege applies only to a portion of a record, the
9 record shall be provided to Plaintiff in redacted form to mask the privileged information
10 only. Settling Defendants shall retain all records that they claim to be privileged until the
11 United States has had a reasonable opportunity to dispute the privilege claim and any such
12 dispute has been resolved in the Settling Defendants' favor. However, no records created
13 or generated pursuant to the requirements of this or any other settlement with the EPA
14 pertaining to the Site shall be withheld on the grounds that they are privileged.

15      26.      No claim of confidentiality shall be made with respect to any data,
16 including, but not limited to, all sampling, analytical, monitoring, hydrogeologic, scientific,
17 chemical, or engineering data, or any other documents or information evidencing conditions
18 at or around the Site.

19                          **XIV. RETENTION OF RECORDS**

20      27.      Until 10 years after the entry of this Consent Decree, Settling Defendants
21 shall preserve and retain all records now in their possession or control, or which come into
22 their possession or control, that relate in any manner to response actions taken at the Site or
23 the liability of any person under CERCLA with respect to the Site, regardless of any
24 corporate retention policy to the contrary.

25      28.      After the conclusion of the 10-year document retention period in the
26 preceding paragraph, Settling Defendants shall notify EPA and DOJ at least 90 days prior
27 to the destruction of any such records, and, upon request by EPA or DOJ, Settling
28 Defendant shall deliver any such records to EPA. Settling Defendants may assert that

Third Partial Consent Decree      - 11 -      Case No. 1:94-CV-5984 AWI SMS

1   certain records are privileged under the attorney-client privilege or any other privilege
2   recognized by federal law.  If Settling Defendants assert such a privilege, they shall provide
3   Plaintiff with the following:  1) the title of the record; 2) the date of the record; 3) the name,
4   title, affiliation (*e.g.*, company or firm), and address of the author of the record; 4) the name
5   and title of each addressee and recipient; 5) a description of the subject of the record; and 6)
6   the privilege asserted.  If a claim of privilege applies only to a portion of a record, the
7   record shall be provided to Plaintiff in redacted form to mask the privileged information
8   only.  Settling Defendants shall retain all records that they claim to be privileged until the
9   United States has had a reasonable opportunity to dispute the privilege claim and any such
10  dispute has been resolved in the Settling Defendants' favor.  However, no records created
11  or generated pursuant to the requirements of this or any other settlement with the EPA
12  pertaining to the Site shall be withheld on the grounds that they are privileged.

13      29.    Each Settling Defendant hereby certifies that, to the best of its/her
14  knowledge and belief, after thorough inquiry, it/she has not altered, mutilated, discarded,
15  destroyed or otherwise disposed of any records, reports, or information relating to its/her
16  potential liability regarding the Site since notification of potential liability by the United
17  States or the State or the filing of suit against it/her regarding the Site and that it/she has
18  fully complied with any and all EPA requests for information pursuant to Sections 104(e)
19  and 122(e) of CERCLA, 42 U.S.C. §§ 9604(e) and 9622(e).

20                          **XV. NOTICES AND SUBMISSIONS**

21      30.    Whenever, under the terms of this Consent Decree, notice is required to be
22  given or a document is required to be sent by one party to another, it shall be directed to the
23  individuals at the addresses specified below, unless those individuals or their successors
24  give notice of a change to the other Parties in writing.  Written notice as specified herein
25  shall constitute complete satisfaction of any written notice requirement of the Consent
26  Decree with respect to the United States, EPA, and Settling Defendants, respectively.
27  As to the United States:
28  Chief, Environmental Enforcement Section

Third Partial Consent Decree        - 12 -            Case No. 1:94-CV-5984 AWI SMS

1 | Environment and Natural Resources Division
U.S. Department of Justice
2 | P.O. Box 7611
Washington, DC 20044-7611
3 | Re: DJ No. 90-11-3-835/1

4 | and

5 | Director, Superfund Division
United States Environmental Protection Agency Region 9
6 | 75 Hawthorne Street
San Francisco, CA 94105
7

8
As to EPA
9
Dana Barton
10 | EPA Project Coordinator
United States Environmental Protection Agency Region 9
11 | 75 Hawthorne Street
San Francisco, CA 94105
12
As to the Regional Financial Management Officer:
13
David Wood
14 | Regional Financial Management Officer
United States Environmental Protection Agency Region 9
15 | 75 Hawthorne Street
San Francisco, CA 94105
16
As to Settling Defendants:
17
If by US Mail:
18
Valley Wood Preserving
19 | c/o Bob Schmidt
P.O. Box 1805
20 | Turlock, CA 95381

21 | If by Courier:

22 | Valley Wood Preserving
c/o Bob Schmidt
23 | 600 West Glenwood Avenue
Turlock, CA 95380
24
and, in either event, to:
25
Kenneth B. Finney
26 | Beveridge & Diamond PC
456 Montgomery St., Suite 1800
27 | San Francisco, CA 94104

28

Third Partial Consent Decree          - 13 -          Case No. 1:94-CV-5984 AWI SMS

1

#### XVI. RETENTION OF JURISDICTION

2      31.    This Court shall retain jurisdiction over this matter for the purpose of

3 interpreting and enforcing the terms of this Consent Decree.

4

#### XVII. INTEGRATION

5      32.    This Consent Decree constitutes the final, complete and exclusive agreement

6 and understanding between the Parties with respect to the settlement embodied in this

7 Consent Decree. The Parties acknowledge that there are no representations, agreements or

8 understandings relating to the settlement other than those expressly contained in this

9 Consent Decree.

10

#### XVIII. LODGING AND OPPORTUNITY FOR PUBLIC COMMENT

11      33.    This Consent Decree shall be lodged with the Court for a period of not less

12 than 30 days for public notice and comment. The United States reserves the right to

13 withdraw or withhold its consent if the comments regarding the Consent Decree disclose

14 facts or considerations which indicate that this Consent Decree is inappropriate, improper,

15 or inadequate. Settling Defendants consent to the entry of this Consent Decree without

16 further notice.

17      34.    If for any reason this Court should decline to approve this Consent Decree in

18 the form presented, this agreement is voidable at the sole discretion of any party and the

19 terms of the agreement may not be used as evidence in any litigation between the Parties.

20

#### XIX. SIGNATORIES/SERVICE

21      35.    Each undersigned representative of a Settling Defendant to this Consent

22 Decree and the Chief/Deputy Chief, Environmental Enforcement Section of the United

23 States Department of Justice certifies that he or she is authorized to enter into the terms and

24 conditions of this Consent Decree and to execute and bind legally such Party to this

25 document.

26      36.    Each Settling Defendant hereby agrees not to oppose entry of this Consent

27 Decree by this Court or to challenge any provision of this Consent Decree, unless the

28 United States has notified Settling Defendants in writing that it no longer supports entry of

Third Partial Consent Decree     - 14 -     Case No. 1:94-CV-5984 AWI SMS

1    the Consent Decree.

2        37.    Settling Defendants shall identify, on the attached signature page, the

3 name and address of an agent who is authorized to accept service of process by mail on

4 behalf of Settling Defendants with respect to all matters arising under or relating to this

5 Consent Decree. Settling Defendants hereby agree to accept service in that manner and to

6 waive the formal service requirements set forth in Rule 4 of the Federal Rules of Civil

7 Procedure and any applicable local rules of this Court, including but not limited to, service

8 of a summons.

9

10            SO ORDERED THIS 20th DAY OF June , 2008

11

12

13            United States District Judge

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Third Partial Consent Decree       - 15 -       Case No. 1:94-CV-5984 AWI SMS

1

2  THE UNDERSIGNED PARTIES enter into this Consent Decree in the matter <u>United</u>
   <u>States v. Valley Wood Preserving, Inc., et al.</u>, relating to the Valley Wood Preserving
3  Superfund Site.

4                                              FOR THE UNITED STATES OF AMERICA

5

6                                              RONALD J. TENPAS
                                               Assistant Attorney General
7                                              Environment and Natural Resources Division

8
   Date: *April 15, 2008*              By: _____
9                                              ELLEN MAHAN
                                               Deputy Chief, Environmental Enforcement
10                                             Section
                                               U.S. Department of Justice
11

12

13
   Date: *May 6, 2008*                 _____
14                                             ANN C. HURLEY
                                               Trial Attorney
15                                             Environmental Enforcement Section
                                               U.S. Department of Justice
16

17

18

19

20

21

22

23

24

25

26

27

28

   Third Partial Consent Decree            - 16 -              Civ. No. F94-5984 REC SSH

1   THE UNDERSIGNED PARTIES enter into this Consent Decree in the matter of <u>United
    States v. Valley Wood Preserving, Inc., et al.</u>, relating to the Valley Wood Preserving
2   Superfund Site.

3

4                                    FOR THE ENVIRONMENTAL PROTECTION
                                              AGENCY
5

6

7   Date: May 5, 2008
8                                    KEITH TAKATA
                                     Director, Superfund Division, Region 9
9                                    U.S. Environmental Protection Agency
                                     75 Hawthorne Street
10                                   San Francisco, CA 94105

11

12

13  Date: April 10, 2008
                                     SARA GOLDSMITH
14                                   Assistant Regional Counsel
                                     U.S. Environmental Protection Agency
15                                   Region 9
                                     75 Hawthorne Street
16                                   San Francisco, CA 94105

17

18

19

20

21

22

23

24

25

26

27

28

    Third Partial Consent Decree          - 17 -              Civ. No. F94-5984 REC SSH

1    THE UNDERSIGNED PARTIES enter into this Consent Decree in the matter of <u>United</u>
     <u>States v. Valley Wood Preserving, Inc., et al.</u>, relating to the Valley Wood Preserving
2    Superfund Site.

3

                    FOR DEFENDANT VALLEY WOOD PRESERVING, INC.

4

5    Date: **3-19-08**

6                              MICHAEL H. LOGSDON
                             President
7                              Valley Wood Preserving, Inc.
                             P.O. Box 1805
8                              Turlock, California 95381

9

10                       FOR DEFENDANT JOYCE LOGSDON

11    Date: *March 17, 08*

12                              JOYCE LOGSDON

13

14

15    Agent Authorized to Accept Service on Behalf of Above-signed Parties:

16    If by US Mail:

17    Valley Wood Preserving
     c/o Bob Schmidt
18    P.O. Box 1805
     Turlock, California 95381
19
     If by Courier:
20
     Valley Wood Preserving
21    c/o Bob Schmidt
     600 West Glenwood Avenue
22    Turlock, California 95380

23

24

25

26

27

28

   Third Partial Consent Decree           - 18 -           Civ. No. F94-5984 REC SSH