# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, et al., <br><br> Plaintiffs <br><br> v. <br><br> VALLEY WOOD PRESERVING, INC. et al., <br><br> Defendants | CASE NO. 1:94-CV-5984 AWI SMS <br><br> **ORDER VACATING HEARING AND ORDER ON MOTION FOR APPROVAL OF CONSENT DECREE** <br><br> (Doc. No. 168) |

This is an environmental contamination case concerning the contamination of a wood treatment operation located in Turlock, California ("the Site"). Currently before the Court is Plaintiffs' unopposed motion for entry of a consent decree. Hearing on this motion is set for April 2, 2018. After reviewing Plaintiffs' motion, and because the matter is uncontested, the Court will vacate the April 2, 2018 hearing and issue this order, which resolves the motion.

*Background*

From the Complaint, Defendant Valley Wood Preserving, Inc. ("VWP") owned and operated a wood treatment facility in Turlock. As part of that operation, VWP used and disposed of hazardous substances (including hexavalent aluminum and arsenic), which caused the Site to become contaminated. The Site is a CERCLA Superfund Site. In 1994, the United States Environmental Protection Agency ("EPA") and the California Department of Toxic Substances Control ("DTSC") filed this lawsuit against VWP and others in order to remediate the Site. A

remedial action plan has been selected for the Site, and VWP has implemented and completed a number of remedial actions.  The remaining phase of remediation involves the continued monitoring of groundwater.  Through the proposed consent decree, the parties have reached an agreement with respect to this last phase of remediation.

*Relevant Terms Of The Consent Decree*

Plaintiffs represent that VWP will conduct the remaining cleanup work at the property, in accordance with the EPA's Record of Decision and Statement of Work.  Because VWP has already conduct soil and groundwater cleanup, VWP will implement the "monitored natural attenuation phase" of the final groundwater remedy by conducting sampling until cleanup standards have been met.  VWP has the option of implementing *in situ* groundwater treatment in selected wells to reduce the monitoring timeframe.  VWP is also obligated to grant EPA and DTSC access to the site, seek access agreements and land and water use restrictions from non-party landowners (if needed and as determined by the EPA), and pay further response costs by DTSC and EPA. Plaintiffs have agreed not to bring suit under § 106 and § 107(a) of CERCLA and § 7003 of RCRA against either VWP or the individual defendants (who were shareholders, project coordinators, owners, operators, and/or employees of VWP) in an effort to provide an incentive to transfer ownership of the Site so that new ownership will be willing and able to carry out VWP's obligations under the consent decree.  The new consent decree is to supersede and replace the prior partial consent decrees in this case.[1]

*Plaintiff's Motion*

Plaintiffs argue that the consent decree should be approved and signed by the Court.  The decree is substantively and procedurally fair, reasonable, and consistent with the goals of CERCLA and the public interest.  Further, public comment on the consent decree was solicited by EPA and DTSC and no comments were received.

*Legal Standard*

In order to approve a consent decree under CERCLA, a district court must conclude that the agreement is procedurally and substantively fair, reasonable, and consistent with CERCLA's

---

[1] Those decrees are Doc. Nos. 145, 150, and 162 in the docket of this case.

2

objectives. United States v. Coeur D'Alenes Co., 767 F.3d 873, 876 (9th Cir. 2014) (quoting United States v. Montrose Chem. Corp. of Cal., 50 F.3d 741, 748 (9th Cir. 1995)).  Because "fair and reasonable" are comparative terms, courts must find that the agreement is based upon, and roughly correlates with, some acceptable measure of comparative fault, apportioning liability among the settling parties according to rational estimates of how much harm each party has done. Arizona v. City of Tucson, 761 F.3d 1005, 1012 (9th Cir. 2014); United States v. Cannons Eng'g Corp., 899 F.2d 79, 87 (1st Cir. 1990).  District courts must gauge the adequacy of the settlement amounts by comparing the proportion of total projected costs to be paid by the settlors with the settlors' proportion of liability.  Arizona, 761 F.3d at 1012.  However, district courts are to refrain from second-guessing the Executive and to defer to the EPA's expertise," because "considerable weight [is] accorded to [a federal] executive department's construction of a statutory scheme it is entrusted to administer. . . ." Coeur D'Alenes Co., 767 F.3d at 876 (citing Montrose Chem., 50 F.3d at 748).

*Discussion*

A review of the unopposed consent decree shows that it was negotiated between all parties with counsel, and nothing suggests procedural impropriety.  It appears that substantial remediation efforts have already been completed and all that is left is monitoring.  Since CWP owned and operated the wood treating facility in which hazardous substances were used, nothing appears unfair about requiring CWP to continue to bear the remaining monitoring and clean-up costs for those hazardous substances.  Also, the parties appear to recognize that it is in the public's interest to find a buyer for the Site, thus the desirability of the covenants not to sue under CERCLA and RCRA.  Finally, this is the second consent decree and it appears to be more comprehensive than the first. Cf. Doc. No. 65 with Doc. No. 64.  It is in the public interest and clearly within the objectives of CERCLA to fully remediate contaminated land and groundwater.  It is noteworthy that no public comments against the consent decree were lodged with either the DTSC or EPA.  Given the above, the Court concludes that the consent decree is fair, reasonable, and consistent with CERCLA's objectives.

Because there is no reason apparent why Plaintiff's motion should not be granted, the consent decree will be will be approved.  See Coeur D'Alenes Co., 767 F.3d at 876; Arizona, 761 F.3d at 1012; Cannons Eng'g, 899 F.2d at 86-90.

**ORDER**

Accordingly, IT IS HEREBY ORDERED that:

1. The April 2, 2018 hearing is VACATED;
2. Plaintiff's motion to enter consent decree is GRANTED; and
3. By separate filing, the Court will sign the consent decree at Page 102 and have the entire signed consent decree entered on the record; and
4. Upon the filing of the consent decree, the Clerk shall CLOSE this case.

IT IS SO ORDERED.

Dated:   March 1, 2018

SENIOR DISTRICT JUDGE